**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 03-20147-01-KHV |
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

On June 15, 2004, the government filed a one-count information which charged defendant with conspiring to distribute and possessing with intent to distribute five grams or more of a mixture and substance containing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), 21 U.S.C. § 846 and 18 U.S.C. § 2. See Information (Doc. #68). Defendant pled guilty to that charge. See Docs. #69 and #71 filed June 14, 2004. On February 1, 2005, the Court sentenced defendant to 78 months in prison. See Doc. #84. Defendant did not appeal. This matter is before the Court on Williams's Challenges To The Judgment As Void Under Fed. R. Civ. Proc. Rule 60(B)(4) ("Williams' Challenges") (Doc. #87) filed November 29, 2006. For reasons stated below, the Court construes the document as a motion for relief under 28 U.S.C. § 2255 and overrules it as untimely.

Defendant asserts that the judgment is void under Rule 60(b)(4), Fed. R. Civ. P.,[1] because the Court lacked subject matter jurisdiction over the case. In support of his assertion, defendant makes several arguments which attack the validity of the criminal statutes under which he was

---

[1] Rule 60(b)(4) provides that upon motion and upon such terms as are just, the Court may relieve a party from a final judgment where the judgment is void. See id.

sentenced.[2] Although defendant attempts to couch his claim under Rule 60(b)(4), in reality he seeks relief under Section 2255, which governs cases by federal prisoners who claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . ." 28 U.S.C. § 2255; see United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006) (relief sought, not pleading's title, determines whether pleading is § 2255 motion) (citing Gonzales v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2647 (2005)).  Accordingly, the Court will construe the document as a motion for relief under Section 2255.[3]

Section 2255 provides a one-year period of limitation for motions brought under that section. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Defendant's arguments include (1) that President Nixon declared a war on drugs which Congress did not declare; and (2) that President Truman violated the United States Constitution when he signed public law 80-772. See Williams' Challenges (Doc. #87) at 5-39.

[3] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely, however, defendant is not prejudiced by lack of such notice. See United States v. Harper, No. 06-2137, 2006 WL 3222301, at *1 (10th Cir. Nov. 8, 2006); United States v. Johnson, No. 05-1283, 159 Fed. App'x 835, 839 (10th Cir. Dec. 14, 2005); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004).

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Because defendant did not file a direct appeal, his conviction became final on February 15, 2005 (ten business days after the Court entered judgment).  <u>See</u> Rules 4(b)(1)(A), 4(b)(6) and 26(a)(2), Fed. R. App. P.  Under subsection (1), defendant had until February 15, 2006 to file a motion to vacate, set aside or correct his sentence.  Defendant did not file his motion until November 29, 2006, more than nine months beyond the deadline set forth in subsection (1).  Defendant does not assert any facts which would support a later deadline under subsections (2), (3) or (4).  Accordingly, defendant's motion is untimely.

**IT IS THEREFORE ORDERED** that <u>William's Challenges To The Judgment As Void Under Fed. R. Civ. Proc. Rule 60(B)(4)</u> (Doc. #87) filed November 29, 2006, which the Court construes as a motion for relief under 28 U.S.C. § 2255, be and hereby is **OVERRULED as untimely.**

**IT IS FURTHER ORDERED** that the <u>Government's Motion For Extension Of Time To Respond To Defendant's Section 2255 Motion</u> (Doc. #89) and the <u>Government's Response To Defendant's Motion And Request For Enforcement Of The Plea Agreement</u> (Doc. #90), both filed December 12, 2006, be and hereby are **OVERRULED as moot.**

Dated this 4th day of January, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
