**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL WILLIAMS, )<br>)<br>Defendant. )<br>_____ ) | CRIMINAL ACTION<br><br>No. 03-20147-01-KHV |

**ORDER**

On June 14, 2004, defendant pled guilty to conspiring to distribute and possessing with intent to distribute five grams or more of a mixture and substance containing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), 21 U.S.C. § 846 and 18 U.S.C. § 2. See Docs. #69 and #71. On February 1, 2005, the Court sentenced defendant to 78 months in prison. See Doc. #84. Defendant did not appeal. This matter comes before the Court on Williams's Challenges To The Judgment As Void Under Fed. R. Civ. Proc. Rule 60(B)(4) ("Williams' Challenges") (Doc. #87) filed November 29, 2006, which the Court construes as a motion for relief under 28 U.S.C. § 2255, and the amendment thereto (Doc. #96) which defendant filed August 17, 2007. For reasons stated below, the Court overrules the motion, as amended, as untimely.

Defendant's motion asserts several arguments which attack the validity of criminal statutes under which he was sentenced, including (1) that President Richard Nixon declared a war on drugs which Congress did not declare; and (2) that President Harry Truman violated the United States Constitution when he signed public law 80-772. See Williams' Challenges (Doc. #87) at 5-39. In a previous order, the Court found that although defendant couched his claims under Rule 60(b)(4),

he really sought relief under Section 2255 and his motion was untimely under that statute. See Order (Doc. #92) filed January 4, 2007 at 2-3.[1] The Court therefore overruled defendant's motion as untimely. See id. at 3. Defendant sought relief under Rule 60(b)(1) and (6), Fed. R. Civ. P., asserting that he did not have an opportunity to present equitable tolling claims. See Motion For Relief From Judgment Or Order (Doc. #93) filed March 5, 2007 at 1-3. Because the Court had not notified defendant that it intended to recharacterize his pleading, the Court vacated its previous order and provided defendant an opportunity to withdraw or amend his Section 2255 motion. See Order (Doc. #94) filed July 9, 2007 at 4-5. The Court notified defendant that if he did not withdraw or amend the motion, it would construe the motion as one for relief under Section 2255 and overrule it as untimely for the reasons stated in the Order (Doc. #92) filed January 4, 2007. See Order (Doc. #94) filed July 9, 2007 at 5.

On August 17, 2007, defendant filed an untitled document which the Court construes as an amendment to his Section 2255 motion. See Doc. #96. Defendant's arguments are difficult to follow, but he apparently asserts that the Court's act of recharacterizing his pleading triggered the equitable tolling provision under subsection 4 of Section 2255.[2] Equitable tolling is available when

---

[1] The Court noted that ordinarily, before it recharacterizes a pro se document as a Section 2255 motion, it provides defendant an opportunity to either withdraw the motion or supplement it. See id. (Doc. #92) at 2 n.3 (citing Castro v. United States, 540 U.S. 375, 383 (2003)). The Court, however, concluded that because defendant's motion was untimely, he would not be prejudiced by lack of such notice. See Order (Doc. #92) at 2 n.3 (citing United States v. Harper, 205 Fed. Appx. 655, 655-56 (10th Cir. 2006); United States v. Johnson, 159 Fed. Appx. 835, 839 (10th Cir. 2005); United States v. Martin, 357 F.3d 1198, 1200 (10th Cir. 2004)).

[2] Section 2255 provides a one-year period of limitation which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(continued...)

2

an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused his failure to timely file. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Here, the fact that the Court construed defendant's Rule 60(b)(4) motion as a Section 2255 motion does not show that defendant diligently pursued his claims or that extraordinary circumstances caused his failure to timely file. On this record, defendant presents no meaningful argument which supports that the limitations period on his Section 2255 claims should be equitably tolled.

Defendant asserts that because he challenges the Court's subject matter jurisdiction, the time limitations do not apply. See Doc. #96 at 2-3. By its very terms, however, Section 2255 imposes a one-year limitation on claims by prisoners "that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255. Defendant also asserts that his conviction and sentence will result in a "grave miscarriage of justice." Doc. #96 at 3. Defendant, however, identifies no evidence which demonstrates that he is actually innocent. See United States v. Cervini, 379 F.3d 987, 991-92 (10th Cir. 2004). For reasons set for in the Order (Doc. #92) filed January 4, 2007, the Court overrules defendant's Section 2255 motion, as amended, as untimely.

---

[2](...continued)
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that Williams's Challenges To The Judgment As Void Under Fed. R. Civ. Proc. Rule 60(B)(4) (Doc. #87) filed November 29, 2006, which the Court construes as a motion for relief under 28 U.S.C. § 2255, and the amendment thereto (Doc. #96) filed August 17, 2007 be and hereby are **OVERRULED as untimely.**

Dated this 20th day of September, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge